IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| CELLULAR LINK INNOVATIONS LLC, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 2:25-cv-00331 |
| v. | **JURY TRIAL DEMANDED** |
| T-MOBILE US, INC. AND T-MOBILE USA, INC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cellular Link Innovations LLC ("Cellular Link" or "Plaintiff") files this complaint against Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "Defendants" or "T-Mobile") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendants' infringement of the following United States Patent (the "Asserted Patent"), a copy of which is attached hereto as **Exhibit A**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 8,620,230 | Wireless Network Architecture And Method For Base Station Utilization |

2. Cellular Link seeks injunctive relief and monetary damages.

**PARTIES**

3. Cellular Link is a limited liability company organized under the laws of the State of Texas, with a place of business at 815 Brazos Street, Suite 500, Austin, TX 78701 (Travis County).

4. On information and belief, Defendant T-Mobile US, Inc. ("TUS") is a corporation

organized and existing under the laws of the State of Delaware, with a principal place of business at 12920 S.E. 38th Street, Bellevue, Washington 98006.

5. TUS has as its registered agent for service: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6. On information and belief, Defendant T-Mobile USA, Inc. ("TUSA") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 12920 S.E. 38th Street, Bellevue, Washington 98006.

7. TUSA has as its registered agent for service: Corporation Service Company, 211 E. 7th Street #620, Austin TX 78701.

8. TUSA has been registered to do business in the state of Texas under Texas SOS file number 12958406. TUSA is a wholly owned subsidiary of TUS.

## JURISDICTION AND VENUE

9. Cellular Link repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

10. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

11. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1400(b) because they have maintained established and regular places of business in this District and have committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

12. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial business in this judicial district, including: (i) at least a portion of the infringement alleged herein; and (ii)

regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

13. Specifically, Defendants intend to do and do business in, have committed acts of infringement in, and continue to commit acts of infringement in this District directly, through intermediaries, by contributing to and through their inducement of third parties, and offer their products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

14. Upon information and belief and based upon public information, Defendants own, operate, manage, conduct business, and direct and control the operations of, and have employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following address: (1) 116 E Loop Ste 101, Longview, Texas 75605; (2) 1806 E End Blvd N Ste 100, Marshall, Texas 75670; and (3) 5800 Legacy Dr Suite C-9, Plano, Texas 75024. See **Exhibit B**.[1]

15. Doing business under the T-Mobile brand name, Defendants have nearly 600 locations in Texas[2], which includes, at least, locations in Allen, Denton, Frisco, Longview, McKinney, Plano, Sherman, Sulphur Springs, and Tyler. **Ex. B**.

16. Defendants further advertise T-Mobile's 5G network services to businesses and residents in this District through direct marking. See **Ex. B**.; see also **Exhibit C**.[3]

---

[1] Defendants also advertise their T-Mobile Store locations in Texas at https://www.t-mobile.com/stores/tx.
[2] See https://www.scrapehero.com/location-reports/T-Mobile-USA/.
[3] https://www.t-mobile.com/stores/bd/home-internet-plano-tx.



17. Upon information and belief, Defendants also maintain regular and established places of business in this District, including by maintaining and operating communications networks in this District, including on cellular towers and other installation sites owned or leased by T Mobile.

18. Defendants are engaging in activities, including but not limited to transacting business in this District and purposefully directing their business activities, including the installation, maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods in this District to aid, abet, or contribute to the

---

[4] https://www.t-mobile.com/stores/bd/t-mobile-plano-tx-75093-1sba.
[5] https://www.t-mobile.com/stores/bd/home-internet-plano-tx

infringement of third parties in this District.

19. Defendants commit acts of infringement in this District, including, but not limited to, selling, offering for sale, and using (including through testing) the Accused Products.

20. Defendants commit acts of induced infringement in this District, including, but not limited to inducement of infringement by their parents, subsidiaries, partners, affiliates, and end-users to use the Accused Products.

21. Defendants commit acts of contributory infringement in this District, including, but not limited to contributing to infringement by their parents, subsidiaries, partners, affiliates, and end-users through their use of the Accused Products.

## THE ACCUSED PRODUCTS

22. Cellular Link repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

23. Based upon public information, Defendants, under the T-Mobile brand name, make, use, sell and/or offer for sale T-Mobile's 5G network services and associated hardware, software and applications, and provide and practice wireless network architecture and certain methods for base station utilization (herein, the "Accused Products").  *See* **Exhibit D**; *see also* **Exhibit E**.

24. More specifically, on July 30, 2018, T-Mobile announced a $3.5 billion agreement with Nokia Corporation ("Nokia"), who would help T-Mobile build a "nationwide 5G network with 600 MHz and 28 GHz millimeter wave 5G capabilities compliant with 3GPP 5G New Radio (NR) standards." *See* T-Mobile and Nokia Ink $3.5 Billion, Multi-year 5G Network Agreement, https://www.t-mobile.com/news/press/nokia-5g-agreement (last accessed Apr. 2, 2025); *see also* T-Mobile's 2018 Annual Report at 7 ("In July 2018, we and Nokia entered into a multi-year $3.5 billion contract for Nokia to provide us with complete end-to-end 5G technology, software and

services"), available for download at https://s29.q4cdn.com/310188824/files/doc_financials/2018/ar/TMUS-2018-Annual-Report.pdf, (last accessed Apr. 2, 2025) (citations are to the document's internal pagination).

25. To build said 5G network, T-Mobile uses Nokia's "end-to-end 5G technology, software and services portfolio, including commercial AirScale radio platforms and cloud-native core, AirFrame hardware, CloudBand software, SON and 5G Acceleration Services." *See* T-Mobile and Nokia Ink $3.5 Billion, Multi-year 5G Network Agreement, https://www.t-mobile.com/news/press/nokia-5g-agreement (last accessed Apr. 2, 2025).

26. On May 19, 2020, Nokia announced that "it has achieved the world's fastest 5G speeds in its Over-the-Air (OTA) network in Dallas, Texas. Utilizing 800 MHz of commercial millimeter wave 5G spectrum and Dual Connectivity (EN-DC) functionality, Nokia achieved 5G speeds of up to 4.7 Gbps in tests performed on base station equipment being deployed in major U.S. carriers' commercial networks." *See* Nokia achieves world-record 5G speeds, https://www.nokia.com/about-us/news/releases/2020/05/19/nokia-achieves-world-record-5g-speeds/ (last accessed Apr. 2, 2025). Nokia explained that this "was achieved by combining eight 100 MHz channels of millimeter wave spectrum on the 28 GHz and 39GHz bands, providing 800 MHz of bandwidth, and 40 MHz of LTE spectrum using the EN-DC functionality available on Nokia's AirScale solution. EN-DC allows devices to connect simultaneously to 5G and LTE networks, transmitting and receiving data across both air-interface technologies." *Id.*

27. On information and belief, said "U.S. Carriers" include T-Mobile. *See* T-Mobile Achieves Record-Breaking Uplink Speeds with Another 5G First: The Un-carrier worked with Nokia and Qualcomm to complete a data session leveraging 5G UL Tx (Uplink Transmit) switching, reaching peak speeds of 345 Mbps ("The test used equipment from Nokia's cutting-

edge next-generation AirScale portfolio . . . 'We are proud to work with our long-term partner, T-Mobile on this important and significant achievement that will enhance the uplink speed and capacity of their 5G network - the largest and fastest in the U.S. - and deliver an even better experience for customers,' said Tommi Uitto, President of Mobile Networks at Nokia"), https://www.t-mobile.com/news/network/t-mobile-achieves-record-breaking-uplink-speeds-with-another-5g-first (last accessed Apr. 2, 2025).

28. Based upon public information, Defendants own, operate, advertise, and/or control at least the website www.t-mobile.com through which they advertise, sell, offer to sell, promote, provide and/or educate customers about T-Mobile products, including the Accused Products. *See, e.g.*, **Ex. D**; **Ex. E**.

29. Based upon public information, Defendants, directly and/or through their agents and intermediaries, operate, advertise, and/or control T-Mobile store locations throughout this District, including, at least, in Allen, Denton, Frisco, Longview, McKinney, Plano, Sherman, Sulphur Springs, and Tyler, through which they and/or their agents or employees use, advertise, provide, and/or educate third-parties, including but not limited to customers, about the Accused Products. *See, e.g.*, **Ex. C**; **Ex. D**; **Ex. E**.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,620,230**

30. Cellular Link repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

31. The USPTO duly issued U.S. Patent No. 8,620,230 (the "230 patent") on December 31, 2013, after full and fair examination of Application No. 12/641,158, which was filed on December 17, 2009. *See* **Ex. A**, at A-1.

32. The '230 patent is entitled "Wireless Network Architecture And Method For Base Station Utilization." *See id.*

33.  Cellular Link owns all substantial rights, interest, and title in and to the '230 patent, with the sole and exclusive right to prosecute this action and enforce the '230 patent against infringers, and to collect damages for all relevant times.

34.  The claims of the '230 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of wireless network architecture and base station utilization, including but not limited to, for example, for cellular networks.

35.  The written description of the '230 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date.  The '230 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

36.  Defendants have infringed and continue to infringe the '230 patent by making, using, providing, supplying, selling, offering for sale, or distributing the Accused Products by using Nokia's 5G technology, software and services portfolio.

37.  Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '230 patent.

38.  For example, the Accused Products, as used by Defendants or a customer, have a wireless network system comprising wireless network system comprising: a plurality of network nodes, each configured to manage active links to mobile stations within a range; and a controller

configured to control said network nodes to provide at least two active links from at least two different network nodes from among said plurality of network nodes simultaneously to a given mobile station in an integral manner for joint signal processing, wherein at least one network node from among said plurality of network nodes has an active link which is a helper link to said mobile station, wherein said controller is configured to decode a transmission of said mobile station by using joint signal processing results from at least two of said plurality of network nodes, and wherein one of said active links is a main link and others of said active links are helper links. *See, e.g.*, **Exhibit F**, Evidence of Use Regarding Infringement of U.S. Patent No. 8,620,230.

39. Since at least the time of receiving this Complaint, Defendants have also indirectly infringed and continue to indirectly infringe the '230 patent by inducing others to directly infringe the '230 patent. Defendants have induced and continue to induce their parents, subsidiaries, partners, affiliates, and end-users, including Defendants' personnel, customers, potential customers, and other end users, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '230 patent to use the Accused Products. Defendants took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '230 patent, including, for example, claim 1 of the '230 patent. Such steps by Defendants included, among other things, advising or directing their parents, subsidiaries, partners, affiliates, and end-users, including Defendants' personnel, customers, potential customers, and other end users, to make or use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendants are performing these steps, which constitutes induced infringement with the knowledge of the '230 patent and with the knowledge

that the induced acts constitute infringement. Defendants are aware that the normal and customary use of the Accused Products by others would infringe the '230 patent. Defendants' inducement is ongoing.

40. Since at least the time of receiving this Complaint, Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the '230 patent. Defendants have contributed and continue to contribute to the direct infringement of the '230 patent by their parents, subsidiaries, partners, affiliates, and end-users, including Defendants' personnel, customers, potential customers, and other end users to directly infringe by encouraging them to use the Accused Products to perform the steps of the patented process as described in one or more claims of the '230 patent, which constitutes either literal infringement or infringement under the doctrine of equivalents, The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '230 patent, including, for example, claim 1 of the '230 patent. The special features include, for example, the method recited in claim 1, including all the intermediary steps claimed. The special features constitute a material part of the invention of one or more of the claims of the '230 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing.

41. Defendants had knowledge of the '230 patent at least as of the date they were notified of the filing of this action.

42. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others) and thus have been willfully blind of Cellular Link's patent rights.

43. Defendants' actions are at least objectively reckless as to the risk of infringing a valid

patent and this objective risk was either known or should have been known by Defendants.

44. Since at least the time of receiving this Complaint, Defendants' direct and indirect infringement of the '230 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Cellular Link's rights under the patent.

45. Cellular Link or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '230 patent.

46. Cellular Link has been damaged and continues to be damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Cellular Link in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

47. Cellular Link has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Cellular Link has and will continue to suffer this harm by virtue of Defendants' infringement of the '230 patent. Defendants' actions have interfered with and will interfere with Cellular Link' ability to license technology. The balance of hardships favors Cellular Link' ability to commercialize its own ideas and technology. The public interest in allowing Cellular Link to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

48. Cellular Link hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

49. WHEREFORE, Cellular Link requests that the Court find in its favor and against Defendants, and that the Court grant Cellular Link the following relief:

a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendants or all others acting in concert therewith;

b. Judgment that Defendants have induced infringement of one or more claims of the Asserted Patent, either literally or under the doctrine of equivalents, by their parents, subsidiaries, partners, affiliates, and end-users, including Defendants' personnel, customers, potential customers, and/or other end users;

c. Judgment that Defendants have contributed to the infringement of one or more claims of the Asserted Patent, either literally or under the doctrine of equivalents, by their parents, subsidiaries, partners, affiliates, and end-users, including Defendants' personnel, customers, potential customers, and/or other end users;

d. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patent by such entities;

e. Judgment that Defendants account for and pay to Cellular Link all damages to and costs incurred by Cellular Link because of Defendants' infringing activities and other conduct complained of herein;

f. Judgment that Defendants' infringement of the Asserted Patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

g. Pre-judgment and post-judgment interest on the damages caused by Defendants'

      infringing activities and other conduct complained of herein;

h.    That this Court declare this an exceptional case and award Cellular Link its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

i.    All other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: <u>April 2, 2025</u> | Respectfully submitted, |
| | By: <u>/s/ Jonathan L. Hardt</u> |

                                        Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone (404) 564-1866
Email: jim@rhmtrial.com

*Attorneys for Plaintiff CELLULAR LINK INNOVATIONS LLC*
*Admitted to the Eastern District of Texas

**List Of Exhibits**
    A. U.S. Patent No. 8,620,230
    B. T-Mobile Website | T-Mobile Texas Map
    C. T-Mobile Website | T-Mobile Plano Texas
    D. T-Mobile Website | T-Mobile 5G
    E. T-Mobile Website | T-Mobile 5G News
    F. Evidence of Use Regarding Infringement of U.S. Patent No. 8,620,230